1
2
3                                                          O
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                    CENTRAL DISTRICT OF CALIFORNIA
10
11   TERRY S.,                              Case No. 2:18-cv-03446-KES
12            Plaintiff,
13      v.                                  MEMORANDUM OPINION AND
                                            ORDER
14   NANCY A. BERRYHILL, Acting
     Commissioner of Social Security,[1]
15
16            Defendant.
17

18                                    I.

19                             BACKGROUND

20         Plaintiff Terry S. ("Plaintiff") applied for Supplemental Security Income

21   ("SSI") disability benefits, alleging disability commencing April 1, 2014.

22   Administrative Record ("AR") 758-62.  On October 19, 2016, an Administrative

23   Law Judge ("ALJ") conducted a hearing at which Plaintiff, who was represented

24   by counsel, testified, as did a vocational expert ("VE").  AR 644-71.  The ALJ

25   issued an unfavorable decision on March 2, 2017.  AR 17-31.

26         [1] Effective November 17, 2017, Ms. Berryhill's new title is "Deputy
27   Commissioner for Operations, performing the duties and functions not reserved to
     the Commissioner of Social Security."
28

                                     1

The ALJ found that Plaintiff suffered from the medically determinable impairments of "chronic lymphocytic leukemia and partial right shoulder supraspinatus tear." AR 22. Despite these impairments, the ALJ found that Plaintiff had a residual functional capacity ("RFC") to perform light work with only "frequent" overhead activities. AR 24. Light work involves lifting no more than 20 pounds, while medium work involves lifting no more than 50 pounds. 20 C.F.R. § 404.1567(b), (c). Based on this RFC and the testimony of the VE, the ALJ found that Plaintiff could perform her past relevant work as a home care attendant and concluded that Plaintiff was not disabled. AR 27.

## II.

## ISSUE PRESENTED

This appeal presents the sole issue of whether the ALJ erred at step four of the sequential evaluation process by finding that Plaintiff could do her past relevant work as she actually performed it. (Joint Stipulation ["JS"] at 4.)

## III.

## SUMMARY OF RELEVANT EVIDENCE

### A. Plaintiff's Work History Reports.

In August 2014, Plaintiff completed a work activity report. AR 782-90. She reported working for IHSS (In-Home Support Services) from October 1, 2004 to the present. AR 783. At that time, she worked on average 15 hours/week for an hourly wage of $9.75. Id. She explained that she had been caring for two people, but when her second patient died in April 2014, she began caring only for her brother. AR 786. In April 2014, she made $1,500. AR 783.

Plaintiff completed another work history report in August 2014. AR 797-804. When asked about her employment over the last 15 years, she again indicated she had worked as a caregiver providing home health care from January 2004 to the present. AR 797; see also AR 807 (August 13, 2014 disability report). Neither of these forms provides information about her jobs duties or exertion.

2

In September 2014, Plaintiff completed a work history report describing her duties from 2004 to the present as a home caregiver. AR 813-24. She referred to working 3 hours/day for 5 day/week, the schedule she maintained when caring only for her brother. AR 814; <u>see</u> AR 798 (same schedule), 786 (only working for brother by August 2014). Her duties included "washing, cleaning, … cooking, monitoring med[ication]s, taking to doctor's appointments," and writing reports. <u>Id.</u> She reported spending time each work day on the following tasks: (1) walking 2 hours; (2) standing 3 hours; (3) sitting 1 hour; (4) stooping 2 hours; (5) kneeling 1 hour; (6) crouching 1 hour; (7) reaching 1 hour; and (8) writing or handling small objects 1 hour. <u>Id.</u> Regarding lifting and carrying, she stated, "as far as having to lift anything that is strenuous, I don't consist of that in my job description." <u>Id.</u> She indicated that the heaviest weight she lifted was 20 pounds, and she lifted less than 10 pounds frequently. <u>Id.</u> She signed the form herself. AR 824.

**B. <u>Plaintiff's Hearing Testimony.</u>**

At the October 19, 2016 hearing, Plaintiff testified she was working for IHFS (In-Home Family Services) 15 hours/week making approximately $11/hour. AR 648. Her duties while caring for her brother involved assisting with his medications, driving him to and from doctor's appointments, washing clothes, and cooking. AR 649. While doing this work, she testified that she could lift, carry, push, pull, and handle "no more than 25 pounds." <u>Id.</u> She did not give examples of any job-related lifting. When asked generally how much weight she could lift, she responded, "no more than 25, 30 pounds." AR 656. She began caring for her brother when her mother passed away two years prior to the hearing (i.e., about 2014). AR 649.

Plaintiff explained that Charles Malone, one of her other home health care clients, also passed away two years prior to the hearing. AR 651, 653; <u>see</u> AR 782 (work history report indicating Mr. Malone passed away in April 2014). Plaintiff had been receiving unemployment benefits for a couple years, beginning after Mr.

Malone passed away, but they stopped one or two months before the hearing.  AR

653.  She testified that she could still work "but I do light duty," which she

clarified to mean less than fulltime work.  AR 653-54.  Every morning she walked

or went to the gym where she did yoga classes, swimming, or water aerobics for

about an hour.  AR 657.  Then, she took care of her brother, and in the afternoon,

she performed her own household chores.  AR 658.

She initially testified that if she could obtain a fulltime sedentary job, she

would do it.  AR 664.  After prompting from her attorney, she qualified that she

could not work full time if it required using her hands a lot.  Id.

**C.  <u>The VE's Testimony.</u>**

The VE classified Plaintiff's past home health care work as a home

attendant, Dictionary of Occupational Titles ("DOT") code 354.377-014.  AR 665.

The VE explained that while the DOT classifies this work as requiring medium

level exertion, "[t]he claimant reportedly has held several positions under this

occupation, the most recent one is actually performed at medium and from the data

on file some of the prior positions were performed at a light exertional level."  Id.

In this statement the VE was apparently distinguishing between Plaintiff's hearing

testimony about caring for her brother which required her to lift 25 pounds, i.e.,

medium work (AR 649), and her work history report stating that the most she lifted

as a home health care aide was 20 pounds, i.e., light work (AR 814).

The VE testified that a hypothetical person with Plaintiff's RFC could

perform the job of home attendant as Plaintiff had actually performed it, but not as

it was generally performed.  AR 667.

The ALJ found that Plaintiff had worked as a home attendant both before

and after applying for disability benefits; her earnings before rose to the level of

substantial gainful activity ("SGA"), but her earnings after did not.  AR 22, 854

(Plaintiff's Appeals Council Brief admitting SGA in 2008-2013).  The ALJ found

that Plaintiff had not engaged in SGA since April 1, 2014, the alleged onset date.

4

AR 22.  The ALJ relied on the VE's testimony to find that Plaintiff could do her past relevant work of home attendant.  AR 27.  A job must be SGA to qualify as past relevant work.  20 C.F.R. §§ 404.1560(b), 404.1565(a).

## IV.

## DISCUSSION

### A. Relevant Legal Standards.

"At step four [of the five-step disability determination process], claimants have the burden of showing that they can no longer perform their past relevant work" as actually performed or as generally performed in the national economy. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001) (citing 20 C.F.R. §§ 404.1520(e), 416.920(e), Social Security Rule ["SSR"] 82-61).  Information about how a claimant actually performed prior jobs may come from a completed work history report or the claimant's own testimony.  Id. at 845 (citing SSR 82-61 and 82-41).

"Although the burden of proof lies with the claimant at step four, the ALJ still has a duty to make the requisite factual findings to support his conclusion." Id. at 844 (citing SSR 82-62).  On appeal to the District Court, the ALJ's factual findings will be upheld if they are supported by substantial evidence.  42 U.S.C. § 405(g); Richardson v. Perales, 402 U.S. 389, 401 (1971); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).  Substantial evidence means such relevant evidence as a reasonable person might accept as adequate to support a conclusion. Richardson, 402 U.S. at 401; Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007).

### B. Analysis of Claimed Errors.

#### 1. Plaintiff's Conflicting Testimony.

First, Plaintiff argues that the ALJ was required to "resolve the apparent conflict" between Plaintiff's work history report (stating that her home attendant work required lifting only 20 pounds [AR 814]) and her hearing testimony (stating

5

that her home attendant work required lifting 25 pounds [AR 649, 656]). (JS at 6.)

Plaintiff does not cite any law for the rather extraordinary premise that an SSI claimant can create reversible error by giving inconsistent testimony if the ALJ fails to inquire about it. Plaintiff cites <u>Brown-Hunter v. Colvin</u>, 806 F.3d 487, 494 (9th Cir. 2015) (holding that an ALJ erred in reaching adverse credibility determination without identifying which testimony she found not credible or which evidence contradicted that testimony) and <u>Trevizo v. Berryhill</u>, 871 F.3d 664, 676 (9th Cir. 2017) (holding that the ALJ erred in rejecting the treating physician's opinion without considering the appropriate statutory factors, developing the record as to the exertional requirements of the claimant's activities that the ALJ considered inconsistent with her opinion, or explaining how her treatment notes contradicted her opinion). (<u>Id.</u>) Neither supports Plaintiff's argument.

Ultimately, Plaintiff's work history report was substantial evidence. The VE and ALJ were entitled to rely on the information she provided, even if she later gave slightly conflicting testimony at the hearing. <u>See</u> <u>Rios v. Comm'r of SSA</u>, 2018 WL 3435406, 2018 U.S. Dist. LEXIS 117439, at *23-24 (E.D. Cal. July 12, 2018) (holding work history report was substantial evidence, despite the claimant's receiving assistance to complete it and giving inconsistent answers) (citing <u>Pinto</u>, 249 F.3d at 845); <u>Resendez v. Colvin</u>, 2015 WL 5316442, 2015 U.S. Dist. LEXIS 121506, at *18-20 (N.D. Cal. Sept. 11, 2015) (holding ALJ did not err in relying on VE to find that claimant could perform past job as truck driver as actually performed, where claimant testimony conflicted with work history report); <u>Watkins v. Astrue</u>, 2012 WL 123140, 2012 U.S. Dist. LEXIS 5199, at *13 (C.D. Cal. Jan. 17, 2012) (holding ALJ did not err in finding claimant could perform past retail work as actually performed, based on work history and disability reports).

In any event, there does not appear to be any meaningful inconsistency requiring resolution. Plaintiff's work history report encompasses the years she performed SGA (2008-2013), while Plaintiff's testimony concerns the work done

for her brother while not performing SGA (i.e., 2014 onwards). AR 69, 814, 854. There is no need to reconcile these two different time periods; ultimately, the former constitutes past relevant work, while the latter does not.

### 2. Plaintiff's Check-Box Testimony.

Second, Plaintiff argues that she filled out the work history report incorrectly, but her error should not be held against her because it does not "shock the conscience" that she would check the available box indicating the heaviest weight she lifted while working was 20 pounds rather than checking the box for "other" and writing "25 pounds" in the available blank. (JS at 6, citing AR 814.) The Court interprets this as an argument that the ALJ should have credited Plaintiff's hearing testimony over the work history report because check-box testimony is inherently less reliable.

Again, the check-box work history report is substantial evidence. Plaintiff completed some college coursework. AR 650. She undoubtedly understood that it was important to provide truthful, accurate information in her work history report. She should have checked the "other" box and written in "25 pounds" if that was the correct answer to the question asked by the form. Her failure to do so does not nullify the work history report as substantial evidence.

Moreover, there are good reasons to conclude that Plaintiff's work history report was more accurate than her hearing testimony. First, Plaintiff completed the work history form on her own time with access to her records. Second, she wrote on the same page that "strenuous" lifting was not part of her work. AR 814. Third, she listed job duties (i.e., washing clothes, cleaning, cooking, driving to doctor's appointments, and assisting with medications) that generally would not require lifting even as much as 20 pounds. Id.; see also AR 649. Fourth, she never gave an example of having to lift anything that weighed 25 pounds or more while on the job. Fifth, Plaintiff continued to work as a caregiver during her period of claimed disability, demonstrating that she could perform the lifting requirements of

7

that job; her alleged difficulty was with working fulltime.  AR 648, 654 (testimony); see also AR 769-78 (earning records), 858 (memorandum to ALJ).

### 3.  Plaintiff's Past Caregiving Work was SGA.

Third, Plaintiff points out that during the years when her home attendant work qualified as SGA, she had two clients.  (JS at 6, citing 776-77 (earnings records)); see also AR 854 (in 2012 and 2013, Plaintiff realized SGA through home caregiving work alone).  Plaintiff argues that the VE interpreted her conflicting testimony as referring to two different positions.  (JS at 6-7.)  Plaintiff then argues that if neither client alone provided enough work to qualify as SGA, and if her work for her brother required lifting 25 pounds, then she was required to do some medium work to realize SGA.  (Id.)  Thus, a component of her past relevant work was at the "medium" exertional level, as actually performed.  (Id.)

While creative, this argument fails.  In her work history report, Plaintiff lumped together all her work as a home attendant and indicated that for all caregiving work from 2004 to the present, the "heaviest weight" she lifted was 20 pounds.  AR 814.  She could have – but did not – describe different exertional requirements for different clients.  AR 813-17.  The fact that the VE interpreted her inconsistent testimony as referring to different "positions" rather than merely being inconsistent (AR 665) has no relevance.

Plaintiff may be arguing that the work history report must be interpreted as applying only to her work for her brother, because it described working only three hours/day, i.e., the schedule she maintained when caring only for her brother, and was completed the month after she reported working only for her brother (AR 786).[2]  Again, the argument is not persuasive, because Plaintiff indicated that job

_____

[2] Plaintiff appears to have made this argument to the Appeals Council.  She argued that if the VE found that she most recently performed her job at the medium level of exertion (when working only for her brother), but the work history report (which was completed when she was only working for her brother) indicated that she lifted only up to 20 pounds, then the record was "unclear" how she had

title 1 "caregiver" was her work from January 2004 to the present. AR 813. The lifting requirements she indicated were for job title 1 "caregiver," and thus for her work from January 2004 to the present. AR 14.

The hearing testimony, however, only refers to Plaintiff's work for her brother. AR 648-49. This is the only client for whom Plaintiff has reported working at the medium exertional level, i.e., lifting up to 25 pounds. When Plaintiff worked for her brother, she did not reach SGA. AR 649 (began working for brother when mother passed away two years prior to the hearing, i.e., about 2014), 854 (SGA in 2008-2013). The work history report, however, encapsulates the time period during which Plaintiff performed SGA, and she only reported lifting up to 20 pounds. AR 814. Because she did not work for her brother while engaged in SGA, the argument that she performed a component of her past relevant work at the medium exertional level holds no water.

Ultimately, Plaintiff stated that her actual work as a caregiver did not require her to lift more than 20 pounds (Id.), a lifting limit consistent with her RFC as determined by the ALJ (AR 24). She performed caregiver work at an SGA level (AR 854), qualifying it as past relevant work.

Finally, this argument elevates process over substance. Even when Plaintiff testified that home attendant work required her to lift 25 pounds (AR 649), she also testified that she *could* lift 25 pounds (AR 656). Plaintiff has consistently maintained that she can perform the exertional requirements of a home caregiver. AR 654, 858. At step four, Plaintiff bears the burden of proving that she cannot perform her past relevant work as actually performed. Plaintiff has not carried that burden.

_____

actually performed the job when reaching SGA (before working for her brother.) AR 855. Plaintiff's counsel did not cite Plaintiff's inconsistent hearing testimony to the Appeals Council. Id.

**V.**

**CONCLUSION**

For the reasons stated above, IT IS ORDERED that judgment shall be entered AFFIRMING the decision of the Commissioner of Social Security and DISMISSING this case with prejudice.

DATED: January 22, 2019

_Karen E. Scott_

KAREN E. SCOTT
United States Magistrate Judge